IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL D. WILLIAMS, ) | |
| AIS # 133193, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-266-WKW |
| ) | [WO] |
| J.F. INGRAM STATE TECH. ) | |
| COLLEGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Plaintiff Michael D. Williams filed a *pro se* 42 U.S.C. § 1983 complaint against twenty Defendants.  (Doc. # 1.)  By Order dated July 29, 2025, Plaintiff was instructed to file an amended complaint to cure numerous deficiencies in his original complaint.  (Doc. # 13.)  On November 13, 2025,[1] Plaintiff filed an amended complaint naming seven Defendants:  J.F. Ingram State Technical College (ISTC); Annett Funderburk, the president of ISTC; the Alabama Department of Corrections

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff signed and dated his amended complaint on "Nov. 13th, 2025." (Doc. # 24 at 25.)  Therefore, his amended complaint is deemed filed on November 13, 2025, even though it was not received and docketed until November 19, 2025.

(ADOC); Warden Rolanda Calloway; Ray Albright, a cabinet instructor; Sgt. Brian Hunt; and John Hamm, Commissioner of the ADOC.  (Doc. # 24 at 3.)

Based upon a review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, all claims against the ADOC and ISTC must be dismissed with prejudice; however, this action will continue against the remaining Defendants, and service will be ordered as to these Defendants.

## II.  STANDARD OF REVIEW

Plaintiff, an inmate in the custody of the ADOC, is proceeding *in forma pauperis* (IFP).  (Doc. # 8.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  Because Plaintiff is seeking redress from state entities, the complaint also is subject to screening under 28 U.S.C. § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[2]

---

[2] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

### III. DISMISSAL OF IMPROPER DEFENDANTS

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983. To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff names the ADOC and ISTC as Defendants in this suit; however neither the ADOC nor ISTC is a proper Defendant under § 1983, and the claims against these Defendants must be dismissed for at least two reasons.

First, the State of Alabama and its agencies are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). To ascertain whether an entity is a state agency (*i.e.*, "an arm of the state"), "the court must examine state law." *LaFleur v. Wallace State Cmty. Coll.*, 955 F. Supp. 1406, 1421 (M.D. Ala. 1996). The ADOC is considered a state agency. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (recognizing that the Alabama Board of Corrections is a part of the State); Ala. Code § 14-1-1.1 (providing that the ADOC is the successor to the Board of Corrections). Furthermore, "[t]he Supreme Court of Alabama has held that 'institutions of higher learning,' including the state's community colleges, are arms of the state." *LaFleur*, 955 F. Supp. at 1421 (citing *Williams v. John C. Calhoun Cmty. Coll.*, 646 So. 2d 1, 2 (Ala. 1994)). Thus, ISTC, as an "institution[] of higher learning," is considered a state agency.

Second, the Eleventh Amendment insulates a state and its agencies from suit unless the state has expressly waived Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity

4

in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).  Because the ADOC and ISTC are state agencies, they are immune from suit under the Eleventh Amendment.

Accordingly, all claims against the ADOC and ISTC will be dismissed with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), as these claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Selensky v. Alabama*, 619 F. App'x 846, 848 (11th Cir. 2015) (per curiam) (affirming dismissal of a prisoner's 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) where the Eleventh Amendment prevented the lawsuit).  Additionally, the claims must be dismissed because they "seek[] monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(iii); § 1915A(b)(2).

### IV.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1)   Plaintiff's 42 U.S.C. § 1983 claims against the Alabama Department of Corrections and J.F. Ingram State Tech. College are DISMISSED with prejudice;

(2)   The Clerk of Court is DIRECTED to terminate the Alabama Department of Corrections and J.F. Ingram State Tech. College as parties to this action;

(3)     The Clerk of Court is DIRECTED to (a) send a copy of this Memorandum Opinion and Order to Plaintiff and (b) serve a copy of this Memorandum Opinion and Order, the summons, and the amended complaint (Doc. # 24) via certified mail on the remaining Defendants; and

(4)     Defendants are ordered to answer or otherwise respond by motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, within twenty-one (21) days of being served.

It is Plaintiff's responsibility to provide the Clerk's Office with an accurate address for each Defendant. Without an accurate address, service of process cannot be perfected. It is also Plaintiff's responsibility to monitor proceedings and make sure that service has been completed. Except in very unusual circumstances, a person not properly served will not be deemed a party to this case.

If a service recipient will not accept service for a named Defendant, the service recipient is DIRECTED to so advise the court and provide the court with Defendant's last known address and phone number. This information may be filed with the Clerk of Court in response to this Memorandum Opinion and Order and may be filed under seal.

It is further ORDERED that Plaintiff's motion for status (Doc. # 27) is DENIED as moot.

DONE this 24th day of February, 2026.

                                            /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE