IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL D. WILLIAMS,                )
AIS # 133193,                       )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    CASE NO. 2:25-CV-266-WKW
                                    )              [WO]
JOHN HAMM, *et al.*,                )
                                    )
        Defendants.                 )

## **ORDER**

Plaintiff Michael D. Williams, an inmate proceeding *pro se*, filed an amended

42 U.S.C. § 1983 complaint on November 13, 2025.[1]  (Doc. # 24.)  The amended

complaint named seven Defendants:  J.F. Ingram State Technical College (ISTC);

Annett Funderburk, the president of ISTC; the Alabama Department of Corrections

(ADOC); former Warden Rolanda Calloway; Ray Albright, a cabinet instructor; Sgt.

Brian Hunt; and John Hamm, the now-former Commissioner of the ADOC.[2]  (*Id.*

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff signed and dated his amended complaint on "Nov. 13th, 2025." (Doc. # 24 at 25.)  Therefore, his amended complaint is deemed filed on November 13, 2025, even though it was not received and docketed until November 19, 2025.

[2] On April 30, 2026, Hamm retired from his position as Commissioner of the ADOC.  Effective May 1, 2026, Greg Lovelace is the Commissioner of the ADOC.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Lovelace has been automatically substituted as a Defendant in his official capacity for Hamm, the former Commissioner of the ADOC.  The electronic docket

at 3.)  In a Memorandum Opinion and Order dated February 24, 2026, all claims against ISTC and the ADOC were dismissed, and service was ordered as to the remaining Defendants.  (Doc. # 28.)

In response to the complaint, Defendants Albright and Funderburk filed answers.  (Docs. # 43, 44.)  The remaining Defendants—former Warden Calloway, Sgt. Brian Hunt, and former ADOC Commissioner Hamm (collectively, "ADOC Defendants")—filed a motion to dismiss.  (Doc. # 50.)  By Order dated May 6, 2026, Plaintiff was directed to file a response to the ADOC Defendants' motion to dismiss. (Doc. # 51 ("May 6 Order").)  The May 6 Order set a deadline of May 27, 2026, for Plaintiff to file his response and expressly cautioned Plaintiff that his failure to file a timely response would result in dismissal for failure to prosecute and comply with an order of the court.  (*Id.*)  On May 29, 2026, the court received and docketed Plaintiff's motion for an extension of the deadline to file a response to the motion to dismiss.  (Doc. # 52.)  Plaintiff's motion was granted, and the deadline for him to file a response to the ADOC Defendants' motion to dismiss was extended to July 31, 2026.  (Doc. # 53.)

The deadline for Plaintiff to file a response to the ADOC Defendants' motion to dismiss has passed, and to date, Plaintiff still has not filed a response as directed,

---

sheet will be updated accordingly.  However, notwithstanding this substitution, Plaintiff's claims against Hamm in his individual capacity will be dismissed, along with his official-capacity claims against Lovelace.

2

despite being afforded additional time to do so. Consequently, Plaintiff's claims against the ADOC Defendants will be dismissed without prejudice.

The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff failed to comply with the May 6 Order, despite its express directives and warnings and despite being given an extended deadline, his claims against the ADOC Defendants will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that the Clerk of Court is DIRECTED to substitute Greg Lovelace, in his official capacity as Commissioner of the ADOC, for John Hamm, in his official capacity as former Commissioner of the ADOC.

It is further ORDERED that

(1)    Plaintiff's individual-capacity claims against John Hamm, former Commissioner of the ADOC, are DISMISSED without prejudice;

(2)    Plaintiff's official-capacity claims against Greg Lovelace, Commissioner of the ADOC, are DISMISSED without prejudice;

(3)    Plaintiff's official- and individual- capacity claims against former Warden Rolanda Calloway are DISMISSED without prejudice; and

(4)    Plaintiff's official- and individual-capacity claims against Sgt. Brian Hunt are DISMISSED without prejudice.

The Clerk of Court is DIRECTED to terminate John Hamm, Greg Lovelace, Rolanda Calloway, and Sgt. Bryan as Defendants in this action.

DONE this 12th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

4